CHARLES GERMAINE v. THE CITY OF MUSKEGON.

*Municipal corporations—Defective sidewalks—Pleading—Notice— Presentation of claim to council—Contributory negligence—Instructions to jury—Special questions.*

1. A declaration in a personal injury case which avers that the defendant city well knew, or by the exercise of reasonable care ought to have known, of the dangerous and unsafe condition of the sidewalk upon which the plaintiff was injured, in the absence of a demurrer, must be held to aver sufficiently that the defect had existed for such a length of time before the accident as to justify a presumption of notice, which takes the place of actual notice.

2. A city charter provided that it should be a sufficient defense to any action or proceeding for the collection of any demand or claim against the city of any description whatever that it had never been presented to the common council for allowance, or that it had been presented without the required affidavit, and rejected *for that reason.* A personal injury claim was presented to the council, verified before one of the attorneys who afterwards brought suit for the collection of the claim, but was not rejected because thus verified. And it is held that it is unnecessary to decide whether the

affidavit was within the prohibition of How. Stat. § 637, which
prohibits attorneys from administering oaths in causes in
which they may be professionally engaged, as, by not reject-
ing the claim *for that reason*, the alleged defect was waived.

3. The accident occurred on the evening of December 10. It was
not claimed that the city had *actual* notice of the defect in
the walk. And it is held that the court should have in-
structed the jury, as requested by the defendant, that if the
plank, the removal of which caused the accident, was in place
on December 8 or 9, their verdict should be for the defend-
ant; but as the jury found, in answer to a special question,
that the plank was not in place on either of the days named,
the error thus committed was without prejudice.

4. It was not error to instruct the jury, under the facts of the
case, that the plaintiff had a right to travel on the sidewalk,
and that the mere fact that he did so travel, even with
knowledge that there was a hole in the walk, was *of itself*
no evidence of negligence on his part, unless the place was so
dangerous that a prudent man would not have traveled on
the walk.[1]

5. The court, after stating to the jury the rule of presumptive
notice, said that it appeared that the defendant had men
whose duty it was to inspect the walks, and to use reasonable
care and diligence to find out whether they were in a reason-
ably safe condition; that if they used such care and diligence,
and were unable to find the defect, or did not find it, the
defendant did not then have knowledge of said defect, and
plaintiff could not recover; but that, if they neglected to per-

---

[1]The accident occurred at about 10 o'clock in the evening. The
plaintiff testified that a little over a month before the accident he
passed over the walk; that an apple rolled off the basket which
he was carrying, into the hole in the walk; that he picked it out,
and in so doing saw that the plank was out; that this was the
first time he discovered the hole; that he remembered seeing it
a couple of times after that, and before the accident; that he
did not know the hole was there the night of the accident; that he
was not thinking of it; that there was no snow to amount to
anything on the walk; that there had been a slight fall of rain,
and the walk was slippery in places; that it was somewhat down
hill in the direction in which he was walking; that he happened
to put his foot right above the hole; that, when he came to make
a step, his foot glanced or slipped, went into the hole, and he
fell and broke his arm.

form said duties, the defendant would be liable for the defect. And it is held that the contention of the defendant that the jury were permitted to base a verdict upon a failure to inspect the sidewalk, an act of negligence not charged in the declaration, is untenable; that the instruction meant no more than that the failure to inspect the walk, or to inspect it properly, did not prevent the application of the rule of presumptive notice.

6. A statement by the court to the jury that it was very important that the special questions submitted to them should be so answered as to correspond with their general verdict, for the reason that their answers to said questions would control said verdict if it was not in accordance with said answers, did not amount to a direction that the answers to said questions must correspond with the general verdict, but amounted merely to a statement that it was important that the two should agree; and while, as said in *People v. Murray*, 52 Mich. 291, it is not good practice to make such statements to the jury, the language above given is no stronger than that used in the case cited, which is therefore controlling. [1]

7. A special question in a suit to recover damages for personal injuries sustained by stepping into a hole in a sidewalk existing by reason of the displacement of a plank, namely, "Do you find that the plank was in and out of its place at various times immediately before the accident," is improper, as its answer could have no controlling effect upon the general verdict.

8. It is not error for the court, in the absence of a request therefor, to fail to give the jury a definition of the term "contributory negligence," as used in the charge in a personal injury case.

Error to Muskegon. (Russell, J.) Argued April 17, 1895. Decided April 30, 1895.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Brown & Lovelace*, for appellant.

---

[1] For cases bearing upon the construction of 3 How. Stat. § 7606, which provides for the submission of special questions to the jury, see *Cousins v. Railway Co.*, 96 Mich. 386, and note; *Brassel v. Railway Co.*, 101 Id. 5.

*Jones & Clark*, for plaintiff.

GRANT, J.   A sidewalk in the defendant city was constructed of plank two by four inches laid crosswise. Plaintiff's case was that one of these planks had been removed; that he stepped into the hole on the night of December 10, 1893, fell, and broke his arm.   For this injury he recovered verdict and judgment.

1. Defendant objected to the admission of any testimony under the declaration, claiming that it did not state a cause of action.   The precise objection is that the declaration does not allege that the defect existed for such a length of time before the accident as will justify a presumption of notice, which takes the place of actual notice.   The objection is not good.   The declaration alleges that the defendant well knew, or by the exercise of reasonable care ought to have known, of the existence of the defect.   Good pleading might perhaps require a more definite allegation, but, in the absence of a demurrer, the declaration must be held good.

2. The charter of the defendant city prevents the institution of suits against it until a claim duly verified has been presented to the common council.   Plaintiff's claim was presented and verified by oath administered by Mr. Clark, one of the plaintiff's attorneys.   It is insisted that under How. Stat. § 637, Mr. Clark was prohibited as a notary public from administering the oath.   This statute prohibits attorneys from administering oaths "in causes in which they may be professionally engaged.".   Jones & Clark had at that time been engaged by the plaintiff to prosecute his claim, but no suit had been instituted.   We need not decide whether the affidavit is within the prohibition of the statute.   The charter further provides that if the claim is presented without an affidavit, and rejected for that reason, it shall be a sufficient defense in any court to any action or proceeding for the collection of the claim.   This claim was not rejected for that reason, and the defect was therefore waived.

3. Error is alleged in the refusal of the court to instruct the jury that, if the plank was in its place on the 8th or 9th of December, the verdict should be for the defendant. This instruction should have been given, but the jury, in reply to a special question, found that it was not in place on either of those days. The error, therefore, was one without prejudice.

4. It was not error to instruct the jury, under the facts of this case, that the plaintiff had a right to travel on the sidewalk, and that the mere fact that he did so travel, even with the knowledge that there was a hole in the walk, was of itself no evidence of negligence on his part, unless the place was so dangerous that a prudent man would not have traveled on the walk. Sidewalks are intended for the use of pedestrians, and they are entitled to walk upon them, and are entitled to do so even if they have knowledge of a defect like the one in question.

5. It is argued that, under the charge of the court, the jury were permitted to base a verdict upon a failure to inspect the sidewalk,—an act of negligence not set forth in the declaration. What the court said upon this subject had a direct reference to the knowledge or notice of the defect. After stating to the jury the rule of presumptive notice, the court said that it appeared that the defendant had men whose duty it was to inspect the walks, and whose duty it was to use reasonable diligence and care to find out whether they were in a reasonably safe condition, and that if they used such care and diligence, and were unable to find the defect, or did not find it, the defendant did not then have knowledge, and the plaintiff could not recover, but. if they neglected to perform these duties, defendant would be liable for the defect. The instruction meant no more than this: that the failure to inspect, or to inspect properly, did not prevent the application of the rule of presumptive notice.

6. The jury, after being absent for a time, returned into court near the close of the day's session, and stated that they were unable to agree. The judge was proceeding

to direct them to bring in a sealed verdict, but, on account of the submission to them of certain special questions, he changed his mind, saying:

"I don't think I will give you any instructions with reference to bringing in a sealed verdict, though, on account of those questions, because it is very important that the questions that you are asked to answer be answered so that they correspond with your other verdict, because the written questions that you answer would control your other verdict, if it was not in accordance with the written questions, and I will give you an opportunity to deliberate again."

Counsel for defendant insist that this language is within the rule laid down in *Mechanics' Bank v. Barnes*, 86 Mich. 632, and the cases there cited. Clearly, this statement of the circuit judge does not amount to a direction to the jury that their answers to special questions must correspond with their general verdict. It is merely a statement that it is important that the two should agree. We do not think it good practice to make such statements to the jury, and this Court so said in *People v. Murray*, 52 Mich. 291. The language in this case is no stronger than the language used in that. That case, therefore, controls in this.

7. The third special question submitted to the jury at the request of the defendant reads as follows:

"Do you find that the plank was in and out of its place at various times immediately before the accident?"

It is unnecessary to discuss the error assigned, because the question itself was improper. Its answer could have no controlling effect upon the general verdict. If answered "Yes," as defendant claimed it should be under the evidence, it would have made no difference with a verdict against the defendant. Besides, what would the jury understand by "immediately?" If answered "Yes," no one could have told whether they understood it to mean half a day, one day, two days, or more.

8. Error is alleged in that the court failed to give the

jury a definition of "contributory negligence." If counsel for the defendant were of the opinion that the jury did not possess sufficient intelligence to understand the meaning of the term, they should have requested such instruction as they desired. Having failed to do this, they cannot now be heard to complain.

Judgment affirmed.

The other Justices concurred.