GRISWOLD *v.* CITY OF LUDINGTON.

1. MUNICIPAL CORPORATIONS — CLAIM FOR PERSONAL INJURIES — VERIFICATION.

Although a statement of claim for personal injuries against a city of the fourth class is duly filed within 60 days after the injury occurs, as required by section 1 of chapter 22 of the general charter (Act No. 215, Pub. Acts 1895), the city cannot be held liable therefor where claimant fails to verify the same, or to have it certified by an officer of the city, as required by section 20 of chapter 8, which provides for the certification or verification of claims, and makes it a sufficient defense to any action for the collection of any demand or claim against a city, "for personal injuries or otherwise," that it has never been certified or verified as therein provided.

2. SAME.

The certificate or affidavit, by the terms of section 20 of chapter 8, must "accompany" the statement of the claim or account; and therefore the filing of a separate verification after the expiration of the 60 days does not meet the requirements of the statute.

3. SAME — WAIVER — EVIDENCE.

But the failure to verify is a defect which may be waived by the common council; and evidence that it received an unverified claim without objection, and kept the same under advisement, carrying on negotiations with claimant, until after the time for filing a verified claim had elapsed, tends to show such a waiver.

4. SAME — DEFECTIVE SIDEWALKS — ABSENCE OF LIGHT.

A declaration averring that the defendant city permitted a dangerous hole to exist in a sidewalk, and that, the walk being unlighted, plaintiff was injured, states a cause of action.

Error to Mason; McMahon, J. Submitted January 5, 1898. Decided March 29, 1898.

Case by A. Linley Griswold against the city of Ludington for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Cutcheon & Swarthout* (*A. A. Keiser*, of counsel), for appellant.

*H. G. Reek* (*E. N. Fitch*, of counsel), for appellee.

LONG, J. This suit is brought to recover for personal injuries claimed to have been received by plaintiff from falling through a hole in a sidewalk in the city of Ludington, October 19, 1896. Defendant is a city of the fourth class.

The declaration contains four counts. The first alleges the injuries to plaintiff from falling through an open hole in the sidewalk, about eight inches by four feet in dimensions, at a point where the sidewalk was raised four feet above the level of the ground, and supported upon posts and blocks, in the manner of a bridge or trestle. The second count, while embracing all the substance of the first, relies especially upon the defective construction of the walk, it being raised about four feet above the ground, in the manner of a bridge or trestle, and having no supports between the stringers, which were four feet apart, and being constructed of improper, unsound, and weak material. The third count is upon a weak, defective, and broken plank in the sidewalk, and does not differ materially from the first count. The fourth count embraces all the features of the first and second as to the existence of the hole, and the construction and defective condition of the walk, and then alleges that:

"Also, in view of the peculiar construction of the said sidewalk, so raised above the ground in the manner of a bridge or trestle, and of the manner in which it was supported upon posts and blocks, and of the fact that the said sidewalk was constructed in a negligent and careless manner, and of unsound, inferior, and improper materials, and in view of the danger to persons passing over the same,

and that the said sidewalk had become old, decayed, and weakened, and that some of the planks in said sidewalk had become loosened, weak, and dangerous, especially at night, when it was impossible to see or to avoid holes and defective places or weak or loosened planks in said sidewalk, it became and was the duty of the said defendant to cause the said street and the said sidewalk to be suitably lighted by night, especially in the early hours of the evening, when said street and sidewalk was frequented by many persons going to the railroad station to take the outgoing trains; and plaintiff avers that the said sidewalk was not in a condition reasonably safe and fit for public travel without being lighted; but that defendant, well knowing the dangerous and unfit condition of the said sidewalk, negligently and wrongfully turned off the lights upon said street and sidewalk, so as to leave the same in darkness, and render it impossible for passers to perceive and avoid the dangerous places therein."

To this declaration defendant demurred. Upon the hearing, the court sustained the declaration as to the first three counts, and sustained the demurrer to the fourth, holding that it stated no cause of action. The defendant demanded a bill of particulars of the plaintiff's claim, which plaintiff furnished. Defendant thereupon pleaded the general issue, and gave notice of special matter of defense, under the charter, that plaintiff's claim had not been presented to the common council of said city, verified or certified as required by the charter.

The cause came on to be heard before a jury on June 29, 1897. Plaintiff introduced testimony tending to show the defective condition of the sidewalk, the existence of a hole at the place averred, and of the dimensions claimed; that the hole had existed there in the same condition for about four months, and had been observed by various witnesses in July, August, September, and October, 1896. Plaintiff testified that upon the 19th day of October, 1896, in the evening, it being very dark and stormy, and slush covering the sidewalk, while going to the railroad station, he suddenly and unavoidably fell into said hole; that he went down the entire length of his leg, causing severe injuries, etc.; that on December 17th he served upon the city clerk a notice in writing as follows:

"THE COMMON COUNCIL OF THE CITY OF LUDINGTON, MICH.

" *Gentlemen:* You are hereby notified that on the 19th day of October, 1896, at about the hour of 7 o'clock in the evening, I was seriously and permanently injured and disabled by falling into and through a hole or opening in the sidewalk on the south side of Foster street, near the intersection of Charles street, in the said city of Ludington, at a point in front of the building owned by August Tiedemann and William C. Ungers, and about 43 feet west of the point where the south line of Foster street intersects with the west line of Charles street; that said injury and disability were caused by a defect in the sidewalk on said street, at the point designated, produced by a broken plank; that the manner of said injury was as follows: I was passing along said street, upon said sidewalk, with all due care and caution, and without any negligence on my part, the night being very dark and stormy, and I being almost a stranger in the city, and, without any fault on my part, I unavoidably stepped with my right foot into said opening or hole in the sidewalk, and fell heavily upon and along the said sidewalk; and, the sidewalk at the point aforesaid being raised considerably above the natural surface of the ground, my foot went down the entire length of my right leg, and, the sidewalk being wet and slippery, my left foot slipped and slid upon the sidewalk, so that I fell with my whole weight upon the parts of my body between the legs, very greatly bruising and injuring the testicles, scrotum, spermatic cord, and the parts adjacent to the rectum, and also greatly bruising, straining, and contusing the hips and the lower parts of the spine. The injury to the genital and urinary organs was such that I have been subject to great pain and distress ever since, and have been unable to stand upon my feet without supporting the said parts by means of a suspensory bandage; and the muscles, nerves, and ligaments of the rectum were so bruised, strained, and injured that it has been difficult, and at times impossible, to control the action of the bowels; and the hips and spine have been so strained, shocked, bruised, and contused that, in consequence of the said various injuries, I was confined to my bed, and under the charge and care of physicians, for a period of three weeks, and am still able to walk only with difficulty and much pain, and by the aid of crutches.

"There were no other witnesses present at the time of said injuries.

"By reason of said injuries so received through the said defective sidewalk, I have been put to great cost and expense for doctor's bills, for nurses and attendance, for medicine and suspensory bandages, crutches, and other appliances, and for other large outlays; and have been disabled from performing my professional work as a minister of the gospel at the village of Custer, where I reside; and have been caused to suffer very great pain and distress of body, and also great pain, anxiety, and distress of mind, and have been permanently and seriously injured and disabled thereby; on account of all which injuries, bruises, wounds, and disabilities, costs, expenses, charges, loss of time and services, pains, sufferings, and permanent injuries, I claim damage from the said city of Ludington to the amount of $5,000.

" You are further notified that I have appointed Messrs. Cutcheon & Swarthout, 831 Michigan Trust Company Building, Grand Rapids, Mich., to represent me and to act for me as my attorneys in all matters pertaining to this claim.

"Very respectfully,

"A. LINLEY GRISWOLD.

"Dated December 17, 1896."

Plaintiff was then asked by his counsel to state what further was done between himself and the council of the city after this notice was served, and answered, "There was a conference had between a council committee and myself." He was then asked, "Who were present?" and stated that he could not name all the members of the committee. The inquiry was objected to and sustained, the court stating that there was no showing that any committee was authorized by the common council to treat with the plaintiff; that the showing was that some people met whose names could not be specified, and assumed to act as such committee. No further proof was then offered upon that point, and no showing made that this committee was authorized by the common council to act, or who composed the committee. Plaintiff then introduced a letter from the city clerk to his attorneys, dated January 20, 1897, as follows:

" *Gentlemen :* At a meeting of the common council held Monday evening last I was instructed to notify you, as attorneys for Rev. Griswold, that no damages would be offered him for the alleged injuries received last October. Yours very truly,

"U. S. Grant, City Clerk."

Plaintiff then offered in evidence the record of the common council, which read:

" On motion of Alderman Smith, the city clerk was instructed to notify the attorneys of Rev. Griswold that no damages would be offered him for alleged injuries incurred on October last."

Plaintiff then gave evidence of the extent of his injuries, the employment of a physician, etc. Plaintiff was then asked " whether, at your interview on that day with the mayor of the city, or with the clerk of the city, or with the supposed committee that you had the conference with, or with anybody else connected with the defendant city, any objection was made upon the ground that your claim had not been sworn to." This was objected to, and the objection sustained. Plaintiff was then asked " whether or not at any time since, by the city attorney or by any official connected with the city, any objection has, until the plea was filed, ever come to you in any way in regard to your claim not being sworn to or otherwise," and answered, " Never."

Mr. O. J. Wangen, a member of the city council, was called, and testified that he knew of the claim being filed by the plaintiff, and was asked:

" Were you present at the council meeting on the night of December 7th last?

" *Counsel for defendant:* Do you propose to prove what occurred at the council meeting by oral testimony, independent of the record?

"*Counsel for plaintiff:* I propose to prove something that took place in connection with the council meeting.

" *The Court:* Do you propose to prove an action by the council?

"*Counsel for plaintiff:* Not a formal action. We want to show that there was a meeting of the common council; that this claim was then presented to the council; and that, in order to avoid the taking of a formal action, after the council had formally adjourned they were requested by the mayor to remain, and did all remain, and that this matter was brought up, and a committee was appointed, and that Mr. Wangen was on that committee, and chairman of it, to consider the claim of Mr. Griswold, and that they did consider it, and that that committee met with the counsel and Mr. Griswold, and that this matter was gone into, and that, in consequence of this conference on the night of the 8th of December, that letter which has been once offered in evidence was written by Mr. Smith.

"*Counsel for defendant:* The record of that meeting is here. If it was an informal meeting, we have nothing to do with it.

"*Counsel for plaintiff:* It was the council; and that this proceeding was taken in this matter for the express purpose of keeping it off the records. Our impression is that this whole matter is a deliberate plan to defeat the putting of this claim upon the record.

"*The Court:* Can you prove that?

"*Counsel for plaintiff:* That is what we want to prove.

"*Counsel for plaintiff:* I will ask you whether you were present at that meeting of December 8th last?

"*A.* I was, if the record shows that. I don't remember the date.

"*Q.* December 7th, it appears to be here.

"*A.* Yes, sir; I was present at that meeting if my name is on there.

"*Q.* What was done at the close of the council meeting in regard to the council remaining?

"*Counsel for defendant:* I object to that for the reason that, after the council closed a session, whatever was done afterwards was done as citizens, and not as representatives of the city, and could not bind them.

"*The Court:* As preliminary, I will receive it, and note an exception.

"*A.* Well I don't remember what was done in particular, who called the meeting, or anything of that kind. I don't remember anybody in particular calling the meeting.

"*Q.* I refer to the time when Mr. Griswold's claim

was brought up and talked over.   Do you remember that occasion when a committee was appointed, of which you were a member, to confer with Mr. Griswold's attorney?

"*A.* There was no committee appointed during the session of the council, to my memory.

"*Q.* But was there an informal committee appointed?

"*Counsel for defendant:* We object to that.

"*The Court:* I sustain the objection.   I think, without any showing of fraud or anything else, you must take the action of the council at its public meeting, held according to the charter, as a body.

"*Counsel for plaintiff:* Note an exception."

Witness further testified that this informal committee never reported to the council, to his knowledge.

Dr. McConnell testified in behalf of plaintiff that he went voluntarily before the council, and made a statement of plaintiff's claim.   The following letter was also put in evidence:

"GRAND RAPIDS, MICH., March 10, 1897
"U. S. GRANT, Esq., City Clerk,
                    "Ludington, Mich.

"*Dear Sir:* We hand you herewith verification on oath of the claim of A. Linley Griswold against the city of Ludington for injuries received by him through defective sidewalk in said city, and for which his claim was duly filed with you on the 17th day of December last; also sworn statement of the items of his claim, and the particulars of his injuries, so far as it is possible for him to itemize the same.   You will please file these papers with his claim formerly filed, as hereinbefore stated, and return to us the inclosed receipt for the same.   We are,
                    "Yours truly,
              "CUTCHEON & SWARTHOUT,
                    "Attorneys for said Griswold."

Plaintiff also put in evidence an affidavit made by him on March 4, 1897, setting forth that on December 17, 1896, he served on the mayor of the city of Ludington, and upon the clerk, his claim in writing for damages, and that attached thereto was a true copy of his claim in writing.   The affidavit then recites:

"All the allegations set forth in said claim as to his said

injuries through said defective sidewalk, and as to the time, place, and manner of his injuries, and as to the extent of his said injuries, are true in manner and form as therein set forth.''

It appears that this affidavit, with a copy of his former claim in writing, was served on the city some time in March, 1897.

The defendant thereupon moved the court that the verdict be directed for the defendant, and it was so directed. The court was of the opinion that no such certified or verified statement had been served upon the defendant as entitled the plaintiff to maintain his action.

The claims made by the plaintiff are:

1. That the claim presented to the common council substantially complied with the statute, (*a*) in that claims for personal injuries are not required by the charter to be verified; (*b*) in that the time when it must be verified is not fixed by the charter, and the verification in March, 1897, was sufficient.

2. That there was some evidence to go to the jury tending to show a waiver by the council of the fact that the claim was not sufficiently verified or certified.

3. That the court erred in holding that the fourth count of the declaration did not state a cause of action.

The defendant city is operating under the general charter of fourth-class cities, being Act No. 215, Pub. Acts 1895. There are two sections in said charter which are claimed to be applicable to this case. The first is section 1, chap. 22, which is as follows:

''The council shall have supervision and control of all public highways, bridges, streets, avenues, alleys, sidewalks, and public grounds within the city, and shall cause the same to be kept in repair and free from nuisance. No city subject to the provisions of this act shall be liable in damages sustained by any person in such city, either to his person or property, by reason of any defective street, sidewalk, cross-walk, or public highway, or by reason of any obstruction, ice, snow, or other incumbrance upon such street, sidewalk, cross-walk, or public highway, situated in such city, unless such person shall serve or cause to be served, within sixty days after such injury shall

have occurred, a notice in writing upon the clerk or the deputy clerk of such city, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury, as far as the same has become known, and that the person receiving such injury intends to hold such city liable for such damages as may have been sustained by him."

Section 20, chap. 8, is as follows:

" The council shall audit and allow all accounts chargeable against the city; but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed or the property delivered for the city, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim; and every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each."

The remaining clauses of section 20 are as follows:

" It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the city, for personal injuries or otherwise, that it has never been presented, certified to or verified as aforesaid, to the council for allowance; or, if such claim is founded on contract, that the same was presented without the affidavit or certificate as aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

It will be noticed that the claim was not sworn to or verified in any manner until March 10, 1897, nor is the bill of particulars in any manner verified. Counsel for plaintiff, however, claim that the statute does not require such verification where claim is made for personal injuries. Section 1, chap. 22, provides for the service of notice in writing, setting forth the time when and place where

such injury took place, the manner in which it occurred, and the extent of such injury, so far as the same has become known, etc. This section does not in terms require the statement to be verified. The first part of section 20, chap. 8, above quoted, provides that no account or claim or contract shall be received for audit or allowance unless it shall be accompanied by a certificate of an officer of the corporation, or an affidavit of the person rendering it, etc. So far as this part of this section is concerned, it may well be said, as held by the court below, that "the words 'account or claim' are not enough to cover unliquidated claims for personal injuries in an action *ex delicto*." *Lay* v. *City of Adrian*, 75 Mich. 443. But the remaining portion of that section refers especially to claims "for personal injuries or otherwise," and makes it "a sufficient defense in any court to any action or proceeding" that such claims are not "certified to or verified as aforesaid."

I take it that this latter part of section 20 means that claims for personal injuries or otherwise (that is, all claims) must be certified to or verified as provided in the former portion of section 20, which has reference to claims arising out of contracts, either express or implied. It is the evident intent of the legislature by these sections of the charter to compel all parties having claims against a city to make a statement of the claim under oath, or to obtain the certificate of an officer of the corporation certifying to the correctness of the claim, and until this is done no action can be commenced or maintained. It is made a sufficient defense to the action if this is not done. This question is settled in *Springer* v. *City of Detroit*, 102 Mich. 300; *Snyder* v. *City of Albion*, 113 Mich. 275; *Selden* v. *Village of St. Johns*, 114 Mich. 698.

The claim that the affidavit, as a verification of the claim, served in March, 1897, was a compliance with the statute, can have no force. Under section 1, chap. 22, the claim must be made within 60 days after such injury, and the verification must accompany the claim. It must,

in other words, be verified or certified and served within 60 days after the injury.

But we are satisfied that the court was in error in holding that there was no evidence of waiver by the common council of the right to insist upon a verified claim being presented. The plaintiff gave testimony tending to show that the claim was served upon the city clerk and mayor on December 17, 1896. The council held this claim until January 20, 1897. In the meantime it is apparent that several meetings of the council were held at which this claim was up for discussion; and plaintiff offered proof on the trial tending to show (which testimony was ruled out by the court) that after the claim was referred to the council, and in order to avoid the taking of formal action, the members were asked to remain after the council closed, and did remain, and a committee was then informally appointed to consider the claim, and did consider it; that this committee met with plaintiff and his counsel, and the matter was fully discussed; that no objection was made by this committee, or ever made by the common council, to the claim on the ground that it was not verified. It appears that one of the aldermen notified plaintiff that the council had informally appointed a committee "to look into the liability of the city, and report the same at the next meeting." Plaintiff sought to show what that committee reported back to the council. This was not permitted. The council appointed this committee, and had the claim of plaintiff under advisement until after the time for filing a new and verified claim had elapsed, and then notified plaintiff that no damages would be offered for the injuries.

A waiver is a mixed question of law and fact, and each case must necessarily depend much upon its own peculiar circumstances and surroundings. It is a question for the court to determine whether there is any evidence tending to show a waiver; but, when there is any evidence, the jury must determine what the intent of the party was, as the question of waiver is usually one of intent, as indi-

cated by the acts and declarations of the party.    *Fox* v.
*Harding*, 7 Cush. 520; 28 Am. & Eng. Enc. Law, 535.
We are unable to say, as matter of law, that there was no
evidence in the case showing an intent on the part of the
council to waive the fact that the claim was not verified.
In *Germaine* v. *City of Muskegon*, 105 Mich. 213, the
claim was verified, though the verification was before one
of the attorneys in the case.    The statute makes such
affidavits void.    It did not appear in that case that the
claim was rejected for the reason that it was sworn to be-
fore one of the attorneys for the party, and this court held
that such objection was waived.    It is true the charter of
the city of Muskegon is different from the charter under
consideration, and provides substantially that the reason
for such rejection must be stated.    But in the present case
we think the question of waiver was one of fact for the
jury, under all the circumstances stated.    That the com-
mon council might waive such defects, under certain cir-
cumstances, is held in *Canfield* v. *City of Jackson*, 112
Mich. 120.

·One more question needs to be mentioned, that relating
to the fourth count.    We think the court was in error in
sustaining the demurrer to that.    That count, added to
the other causes set out in the former counts, avers that
the city failed to light the street, so that by the walk's being
out of repair, and being unlighted, the plaintiff was in-
jured.    In *Miller* v. *City of St. Paul*, 38 Minn. 136, it
was said:

"Of course, the fact as to whether a street was lighted
or not may, in many cases, have a material bearing upon
the question of negligence, for the manifest reason that a
street left in a certain condition may be reasonably safe if
lighted, but dangerous if unlighted."

. In *Hayes* v. *City of West Bay City*, 91 Mich. 422,
the negligence claimed was leaving a building in the
street with timbers projecting and without lights.

In the present case, the negligence claimed is not
that the city did not properly light its streets, but that it

left a dangerous hole in the walk, and, the walk being unlighted, the plaintiff fell into it and was injured.

The case, for the reasons above given, must be reversed, and a new trial awarded.

The other Justices concurred.