## KRISELER v. LE VALLEY.

1. MUNICIPAL CORPORATIONS—CLAIMS—FORMALITIES—WAIVER.
    Where the common council of a village considers and allows a claim, though not accompanied by an affidavit or by a certificate of an officer of the corporation, as provided by 1 Comp. Laws 1897, § 2754, the formalities will be deemed waived, and their absence, therefore, will not justify the village president in refusing to sign an order for the payment of the claim.

2. SAME—OFFICERS—APPOINTMENT.
    Under 1 Comp. Laws 1897, § 2700, providing that the president · of a village shall appoint, by and with the consent of the council, such officers as shall be provided for by ordinance or

resolution, an ordinance providing for the appointment of a deputy marshal is sufficient to authorize the appointment of an officer designated by the president as "night watch man and deputy marshal," though his duties are prescribed as commencing at 6:30 nightly, and continuing until 5:30 the following morning.

3. SAME—FAILURE TO GIVE BOND—VACATION OF OFFICE.

Under 1 Comp. Laws 1897, § 2710, providing that a village council may declare an office vacant for failure to give a bond, an office is not vacated by such failure until action by the council.

4. SAME—PRESIDENT—REMOVAL OF OFFICERS.

Under 1 Comp. Laws 1897, § 2729, which provides that the president of a village may remove any officer "appointed by him" when he shall deem it for the public interest to do so, he has authority, when in his judgment the public interest requires it, to remove officers to whose appointment the consent of the council is required.

5. SAME—NOTICE.

Under 1 Comp. Laws 1897, § 2729, authorizing a village president to remove officers appointed by him, a removal is not effective until the officer has been notified thereof.

6. SAME.

A notice to a village officer, signed only by the village clerk, informing him that, at a meeting of the council, all appointive officers were discharged, is not notice of any action by the president, in whom by 1 Comp. Laws 1897, § 2729, authority to remove from office is vested, and it is therefore insufficient to relieve such officer from duty.

*Certiorari* to Tuscola; Beach, J. Submitted October 24, 1899. Decided January 23, 1900.

*Mandamus* by Charles F. Kriseler to compel Frank D. Le Valley, president of the village of Vassar, to sign an order for salary claimed to be due relator as deputy marshal. From an order granting the writ, respondent brings *certiorari.* Affirmed.

*Quinn & Wixson,* for relator.

*E. H. Taylor, B. L. Ransford,* and *Huston & Spears,* for respondent.

122 MICH.—37.

MONTGOMERY, C. J.   This is *certiorari* to review *mandamus* proceedings.   The relator presented a claim to the common council of the village of Vassar for services as night watchman and deputy marshal for the month of April, 1899, amounting to $31.25.   The claim was allowed by the common council, and an order was drawn in favor of the relator, and signed by the village clerk.   This order was presented to the respondent, who is president of the village, for his signature.   Respondent refused to sign the order, and on application to the circuit court of Tuscola county, after a hearing of the petition and return, and concessions made in open court, a writ of *mandamus* was granted, requiring respondent to affix his signature to the order.   This is the proceeding to be reviewed.

It is urged that the account presented was informal, and not in compliance with section 2754, 1 Comp. Laws 1897.   The section in question is intended to protect the village against suit without an opportunity previously offered to the council to investigate the claim and do justice.   It is true, the statute provides the claim shall be accompanied by an affidavit or a certificate of an officer of the corporation.   Assuming that this provision was intended to apply to the account of an officer of the village for a fixed salary, the council has the right to insist upon such certificate or affidavit as a condition to its taking action on the claim, but it also has the right to waive the requirement.   In this case the council saw fit to treat the claim as sufficient in form, and unanimously allowed the claim.   The respondent was not justified in refusing to recognize the action of the council on this ground.

It is contended, however, that there was no such officer as night watchman and deputy marshal.   Section 2700, 1 Comp. Laws 1897, provides that "the president shall, by and with the consent of the council, appoint a village marshal and a street commissioner, and such other officers as shall be provided for by resolution or ordinance of the council."   It appears that an ordinance creating the office of deputy marshal has been in force since 1882.   The coun-

cil proceedings show that on April 11, 1898, the president appointed as night watchman and deputy marshal "Charles F. Kriseler, whose duties shall commence at 6:30 nightly, and continue until 5:30 the following morning, at a salary of $375 per year." This appointment was confirmed by a two-thirds vote. We do not construe this action as an attempt to create the office of night watchman, but rather as intended to designate the relator as a deputy marshal, fixing the hours of his service from 6:30 at night to 5:30 in the morning. The authority for his appointment as deputy marshal must be found in the ordinance creating that office.

But it is contended, and the answer states, that the relator never gave the bond required of a deputy marshal by the terms of the ordinance. Section 2710, 1 Comp. Laws 1897, reads as follows:

"If any person elected or appointed to office shall fail to take and file the oath of office, or shall fail to give the bond or security required for the due performance of the duties of his office, within the time herein limited therefor, the council may declare the office vacant, unless previously thereto he shall file the oath and give the requisite bond or security."

Under this statute the office was not vacated by a failure to give the bond, until some action was taken by the council. See Mechem, Pub. Off. §§ 265, 266.

Section 2729 provides that the president may remove any officer appointed by him at any time when he shall deem it for the public interest, and may suspend any policeman for neglect of duty. On the 10th of April, 1899, the president read to the council, and filed, the following:

"I deem it for the public interest that all appointive offices be, and the same are hereby, declared vacant, namely, the office of marshal, street commissioner, night watchman, deputy marshal, member of the water board, whose term has expired, village attorney, health officer, and chief of fire department."

This became a part of the proceedings, and was duly

published. In addition, the clerk served on relator the following notice:

"Council Rooms, Village of Vassar,
          "Office of Clerk.
                              "VASSAR, MICH., April 14, 1899.
"CHAS. F. KRISELER,
                    "Vassar, Mich.

"*Dear Sir:* You are hereby notified that at a meeting of the common council held April 10, 1899, all officers appointed by the common council last year were discharged, and thereby you are released from further duty as night watchman.
                    "Yours truly,
                              "B. P. MILLER, Village Clerk."

In construing the statute, it is to be kept in mind that there are no officers authorized to be appointed by the president alone, except policemen for temporary purposes, and that therefore it is a fair construction of the section quoted which ascribes an intent to vest the power in the president of removal of an officer appointed by him with the consent of the council. It seems more clear that this is what was intended, as no power to remove appointive officers seems to be vested elsewhere.

We think the intent to remove relator is sufficiently manifested by the action taken by the president; but, to render the removal effective, this intention must be manifested to the officer by notice to him. Mechem, Pub. Off. § 460. The notice signed by the clerk was not notice of any action by the president, and no other legal notice was shown to have been served. It follows that the removal of the relator was not shown, and the order of the circuit court should be affirmed.

The other Justices concurred.