LINDLEY v. CITY OF DETROIT.[1]

1. Municipal Corporations—Claims—Notice—Waiver.
   The action of a common council in referring a claim to its committee for investigation upon the merits, and the investigation of the claim by the committee, is a waiver of the right to have notice served on the city attorney.

2. Same—Defective Sidewalks—Evidence—Condition of Walk.
   In an action against a city for injuries caused by a defective sidewalk, testimony as to the condition of the walk on the next morning after the accident is admissible, since it is so near in point of time that it will be inferred that the condition of the walk had remained unchanged.

3. Personal Injuries—Evidence—Conclusions.
   In an action for personal injuries, plaintiff testified: "I attribute my headaches to the injury in my back. It runs right up my back and up the back of my head." Held, that the conclusion of the witness that the pain in the head was caused by the injury in the back was not prejudicial, in connection with the description of the pain.

4. Municipal Corporations—Defective Sidewalks—Opinion of Witness.
   The opinion of a witness that a sidewalk was in a dangerous condition is incompetent.

5. Trial—Motion to Strike out Testimony.
   The overruling of a motion to strike out incompetent testimony is not reversible error where no grounds were assigned for the motion.

[1] Rehearing denied June 27, 1902.

Error to Wayne; Hosmer, J. Submitted April 23, 1902. (Docket No. 118.) Decided June 3, 1902.

Case by Hester A. Lindley against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*P. J. M. Hally* and *A. B. Hall* (*Timothy E. Tarsney*, of counsel), for appellant.

*Moore & Moore* (*Samuel W. Burroughs*, of counsel), for appellee.

HOOKER, C. J. Plaintiff was injured on a sidewalk June 3d. Notice was served on the common council on June 5th. The claim was referred by the council to its committee on claims, which proceeded to investigate the matter, calling to its assistance Mr. Hally, an attaché of the city counselor's office. On August 7th the committee took testimony concerning the claim, and there was testimony upon the trial that notice of the claim was on that day served upon Hally. This was contradicted, and raised a question for the jury, if the question was controlling. On August 15th the committee examined the plaintiff, and on November 13th reported against allowing the claim. This action was then brought, and a judgment was rendered for the plaintiff, and defendant has appealed.

The important question is that of waiver. It is based on the fact that the council and city attorney, through his subordinate, acted upon the claim as presented to the council, and gave the plaintiff the right to suppose that they were willing to treat the notice as sufficient. We have often decided that the common council may waive the formalities of a notice. *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78); *Canfield* v. *City of Jackson*, 112 Mich. 120 (70 N. W. 444); *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663); *Wright* v. *Village of Portland*, 118 Mich. 23 (76 N. W. 141); *Kriseler* v. *Le Valley*, 122 Mich. 576 (81 N. W.

580).   Without intending to hold that the city attorney may waive notice upon him, and thereby bind the city, we have no hesitation in saying that the council may do so.   Whether it has done so or not is usually a question of fact to be submitted to a jury; but the facts are undisputed in this case, and we think it was proper for the circuit judge to instruct the jury that by referring the claim to its committee to investigate upon its merits, and through the action of its committee in doing so, it waived a right of further notice.

It is manifestly improper to allow proof of the condition of the sidewalk on a subsequent occasion, without proof that the condition has remained unchanged from the time of the accident, unless it is so near in point of time as to lead to a fair inference that the condition has remained unchanged.   We think that the next morning was not so remote as to render the testimony inadmissible.   The defendant does not appear to have claimed that there had been any change.

The plaintiff testified:

"I have suffered a great many severe headaches since I was injured.

" Q. To what do you attribute that? What do you think is the cause of it? (Objected to as incompetent and immaterial.)

" Q. Did you have headaches?

"A. No, sir; I was perfectly well before.

" *The Court:* Answer the question.   Note an exception.

"A. I attribute the headaches to the injury in my back. It runs right up my back and up the back of my head."

Ordinarily, the testimony of experts is required to determine the cause of physical ailments.   The question first asked called for doubtful testimony, but the answer as given was admissible.   It was competent for the witness to describe the pain in the back of her head, and that it ran up her back from the place of the injury, and the fact that she gave her conclusion as to the connection between the injury and the pain in the head cannot be said to have

been injurious, in the light of the remainder of the answer.

A witness—Mr. Soop—had testified to a break in the sidewalk, and that the sidewalk would teeter back and forth when stepped on.    He was then asked:

"How was the sidewalk on the south side of Hudson, between Twenty-third and Tillman, generally, as to being in good condition or in a dangerous condition?
"*A.* It was in a dangerous condition.
"*Mr. Hally:* I ask that that answer be stricken out.
"*The Court:* Let it stand.    Note an·exception."

This testimony was clearly incompetent.    It is not the province of a witness to determine the issue in the case; it is for him to describe conditions, and allow the jury to draw the inference that the sidewalk *is* or *is not* danger-ous.    *Harris* v. *Township of Clinton,* 64 Mich. 457 (31 ·N. W. 425, 8 Am. St. Rep. 842); *Atherton* v. *Village of Bancroft,* 114 Mich. 241 (72 N. W. 208); *People* v. *Plank-Road Co.,* 125 Mich. 367 (84 N. W. 290).    It is said that no ground was assigned for the motion, and we find none, and the court may have supposed it to have been based upon the fact that the inquiry was not con-fined to the exact point and particular defect where the injury occurred.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.