## HOLTHAM *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — NEGLIGENT INJURIES — NOTICE OF CLAIM—WAIVER
    The charter of the city of Detroit provides that no action for a negligent injury shall be brought against the city unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department, or to his chief assistant, of the time, place, cause, and nature of the injury.   Plaintiff testified that, within the three months, he saw one of the assistants, not the chief assistant, of the head of the law department, who told him to present his claim to the aldermen, and, when it came before the committee, he would do what he could for him; that he *might* have told him he must serve notice on the corporation counsel.   *Held*, to have no tendency to show a waiver of the notice.

2. SAME—ASSISTANT CORPORATION COUNSEL—AUTHORITY.
    An assistant not the chief assistant to the corporation counsel

| 136 | 17 |
| 137 | 55 |

| 136 | 17 |
| 138 | ³656 |
| 136 | 17 |
| d145 | ⁴472 |

| 136 | 17 |
| f152 | 250 |

| 136 | 17 |
| 155 | 169 |

of Detroit has no authority to waive the written notice required by the charter to be given to the head of the law department or his chief assistant in cases of negligent injuries.

3. SAME—ACTION BY COUNCIL.

A direction to plaintiff by the common council to appear and produce his witnesses was not a waiver of the required notice to the law department, in the absence of a showing that the council knew that plaintiff had failed to give such notice.

4. SAME—CLAIM BARRED BY STATUTE—REVIVAL.

An action against a city for a negligent injury, barred because of plaintiff's failure to give notice to the law department within the three months required by the charter, cannot be revived by the action of the council in consenting to consider the claim.

Error to Wayne; Frazer, J. Submitted January 13, 1904. (Docket No. 31.) Decided March 8, 1904.

Case by George Holtham against the city of Detroit for personal injuries caused by a defective sidewalk. From a judgment for plaintiff, defendant brings error. Reversed.

*P. J. M. Hally* and *A. B. Hall* (*T. E. Tarsney*, of counsel), for appellant.

*Washington I. Robinson* and *Bertrand Aldrich*, for appellee.

CARPENTER, J. Plaintiff recovered a judgment in the court below for personal injuries resulting from a defective sidewalk in the city of Detroit. He did not, as required by section 2 of Act No. 463 of the Local Acts of 1895, serve a notice in writing upon the head of the law department of the city of Detroit. That section provides:

"No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department, or to his chief assistant, of the time, place, and cause of such injury, and of the nature thereof."

No written notice whatever was given to the law department of the city of Detroit; but within said three months plaintiff saw Mr. Hally, one of the assistants, but not the chief assistant, of the corporation counsel, who, he says, told him to draw up his claim and present it to the aldermen, and, when it came before the committee, he would "do what he could for me." On cross-examination he testified:

"I am not positive that Hally didn't tell me that I had to serve the corporation counsel.    *   *   *    You might have said it, and I not have heard it.    I am hard of hearing."

The claim was duly presented to the committee on claims and accounts. The secretary of that committee notified plaintiff to appear before it and produce his witnesses. He did appear, and was there examined by Mr. Hally. The committee was advised by Mr. Hally that the failure of the plaintiff to give the notice under consideration relieved the city from liability, and it denied him relief. The trial court left it to the jury to determine whether the office of the corporation counsel did not waive the notice. The jury rendered a verdict for the plaintiff.

In submitting this issue to the jury, we think the learned trial judge erred. Even if Mr. Hally had authority to waive the notice (a point which will receive our attention in this opinion), the testimony of the plaintiff did not warrant the inference that he did waive it. It is consistent with the plaintiff's testimony, as shown by the quotations in this opinion from his cross-examination, that Mr. Hally instructed him to serve a written notice upon the corporation counsel; and, if such instruction was given, there certainly was no waiver.

But we do not think that Mr. Hally had authority to waive this notice. It is true that he was an assistant to the corporation counsel, and it is also true that he appeared for the city in this case both at the hearing before the committee and at the trial in court. Surely it will not be claimed that these subsequent appearances of Mr.

Hally had any bearing upon his authority to deal with the plaintiff. Mr. Hally's authority to deal with the plaintiff would not have been lessened had his connection with the office been determined before such subsequent hearings, or if the city had been represented at those hearings by some other attorney. His authority to waive the notice must therefore be determined by the statute. This statute requires a written notice of the time, place, cause, and nature of plaintiff's injury to be served on the corporation counsel or his chief assistant. We cannot presume that this statute was passed in the interest of the corporation counsel. We must presume that it was passed in the interest of the city, and it is to the obvious advantage of the city that its attorney be furnished with this writing signed by plaintiff. Such a writing serves a purpose that can be performed by no oral statement. Assuming, without deciding, that the officers named in the statute have the power to waive this notice, we are unable to see force in the reasoning by which it is contended that any inferior officer can waive it. Certainly the statute gives him no authority to waive it, and it is equally clear that the city of Detroit has not given him that authority. We do not think it will be contended that the corporation counsel can delegate authority to waive the statute, and, if he could, there is no evidence that he delegated it in this instance.

Nor can it be claimed that the fact that the common council directed the plaintiff to appear and produce his witnesses was a waiver of this notice. It does not appear that, when this direction was given, the common council knew that plaintiff had failed to give such notice. Without this knowledge, the principle of waiver has no application. See *Moore* v. *Life Ass'n*, 133 Mich. 526 (95 N. W. 573), and cases cited.

There is another reason why the action of the common council did not waive this notice. It is fairly to be inferred from the record that, at the time the council directed the plaintiff to appear and produce his witnesses,

more than three months had elapsed since his injury, and his claim was therefore barred under the statute quoted at the beginning of this opinion.    An action of tort, once barred by the statute of limitations, cannot, like an action arising out of contract, be revived by either an express or implied agreement.    See *Renackowsky* v. *Board of Water Com'rs of Detroit*, 122 Mich. 613 (81 N. W. 581); *Van Auken* v. *City of Adrian*, 135 Mich. 534 (98 N. W. 15). It is true that in such cases defendant may estop himself from setting up the statute of limitations by conduct before the claim is barred.  See *Renackowsky* v. *Board of Water Com'rs of Detroit, supra.    Lindley* v. *City of Detroit*, 131 Mich. 8 (90 N. W. 665); *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78); *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663); *Wright* v. *Village of Portland*, 118 Mich. 23 (76 N. W. 141); and *Kriseler* v. *Le Valley*, 122 Mich. 576 (81 N. W. 580),—are not inconsistent with these views.    In each of these cases the action of the municipality which constituted a waiver occurred before plaintiff's cause of action was barred, and induced him to refrain from taking a step required by the statute.

It follows that, in our judgment, it was the duty of the trial court to direct a verdict for the defendant.

Judgment reversed, and new trial granted.

The other Justices concurred.