MILLER *v.* VILLAGE OF BIRMINGHAM.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — NOTICE OF CLAIM—SUFFICIENCY.
    A notice of claim for injury on a defective sidewalk belonging to a village, which in nowise describes the injury received, is insufficient under section 2775, 1 Comp. Laws.

2. SAME—WAIVER OF NOTICE.
    Where a defective notice of claim for injury on a defective sidewalk is filed with the proper officer of a village on the last day within which such notice may be filed, no subsequent action of the council can amount to a waiver of the defects in the notice, the claim being in tort.

3. COURTS—STARE DECISIS.
    Decisions are not binding as precedents on propositions which, though involved, were not considered.

Error to Oakland; Smith, J. Submitted March 1, 1906. (Docket No. 86.) Decided September 20, 1906.

Case by Arabella A. Miller against the village of Birmingham for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Albert P. Jacobs*, for appellant.

*George A. Safford*, for appellee.

McALVAY, J. Plaintiff recovered in a suit for personal injuries received from a fall caused by a defective sidewalk. The injury occurred while she was walking upon a sidewalk along a street of defendant village, which sidewalk she claims defendant negligently allowed to remain out of repair. A loose plank tripped her and caused her to fall, which, she claims, severely and permanently injured her left arm. Within the 60 days provided by law she filed a notice of her claim with the proper officer. It was referred to the committee on claims which afterwards re-

ported to the council without any recommendation, and at a later regular meeting the claim was rejected. She recovered a judgment for $1,000. Defendant asks this court to set aside said judgment on account of errors committed upon the trial, which was had before a jury.

It is insisted that the notice of the claim against defendant on account of this injury was defective in that it did not conform to the provisions of the statute. As to what such notice shall contain, section 2775, 1 Comp. Laws, provides:

"Which notice shall set forth substantially  *  *  * the extent of such injury as far as the same has become known.  *  *  *"

The notice as to the injury, which was given defendant, states as follows:

"Was tripped and thrown violently on said sidewalk by reason of said sidewalk being then and there out of repair and not in a condition reasonably safe for travel whereby the undersigned sustained personal injuries, and for which she intends to hold said village of Birmingham responsible in the amount of $5,000."

We do not think that this notice substantially sets forth the extent of such injury as far as it had become known. Nor does the affidavit required by law, which accompanied the notice, if it can be considered as part of it, in stating "that she has suffered continually since the injury referred to in the within claim and verily believes she will henceforth continue to suffer great pain and inconvenience as the direct result of said injury," make the notice sufficient. The notice should be sufficiently specific to give the municipality information as to what the injury complained of was.

By assignments of error, based upon the refusal of requests to charge, defendant raises the question as to whether the court ought not to have held this notice defective; that no proper claim had been presented to the village council within the statutory period, and instructed a verdict for the defendant.

The accident occurred December 10, 1900. The notice of the claim was filed February 8, 1901, being the sixtieth day after the accident. It was referred to the committee on claims February 11, 1901. After a meeting with the committee and discussing matters of settlement with plaintiff, a report was made and the claim finally rejected April 8, 1901. It is claimed that this action of the council amounted to a waiver of the defects in the notice. The question, then, is whether the limitation within which a claim as required by the statute must be presented, having expired, any action of the council afterwards taken could operate as a waiver or estoppel.

In *Holtham* v. *City of Detroit*, 136 Mich. 17, this court said:

"An action of tort, once barred by the statute of limitations, cannot, like an action arising out of contract, be revived by either an express or implied agreement,"—citing *Renackowsky* v. *Board of Water Com'rs of Detroit*, 122 Mich. 613; *Van Auken* v. *City of Adrian*, 135 Mich. 534.

In *Holtham* v. *City of Detroit*, supra, it was recognized that defendant might be estopped from setting up the statute of limitations by conduct before the claim is barred. Plaintiff relies upon some of the cases cited by the court in support of this last proposition. All of these cases but one can be distinguished from the case at bar.

In *Griswold* v. *City of Ludington*, 116 Mich. 401, the claim was filed on the fifty-ninth day, and it does not appear that any action was taken by the council before the expiration of the 60 days. The bearing of this fact upon the case was not discussed. The case is therefore not binding authority upon the question under discussion. *Atwood* v. *Mayor, etc., of Sault Ste. Marie*, 141 Mich. 295; *Moinet* v. *Burnham, Stoepel & Co.*, 143 Mich. 489.

This case must be ruled by *Holtham* v. *City of Detroit*, supra. The right of action having expired before defendant took any steps in the matter, whatever may have been

done later could not revive it. A verdict should have been directed for defendant as requested. It will not be necessary to consider other errors assigned.

The judgment of the circuit court is reversed, and a new trial granted.

CARPENTER, C. J., and BLAIR, OSTRANDER, and MOORE, JJ., concurred.