BARKLEY *v.* VILLAGE OF HIGHLAND PARK.

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF INJURY —NOTICE OF CLAIM.

> Under a village ordinance relating to the service of a notice of personal injuries, within 60 days after an accident, on the village, and providing that it shall be a defense in an action for personal injuries that a verified claim has not been presented to the council for allowance, one claiming damages for injuries may give an unverified notice at any time within 60 days after the injury and may present a separate verified claim after the expiration of the 60-day period.

Certiorari to Wayne; Lamb, J., presiding. Submitted June 7, 1917. (Docket No. 13.) Decided December 28, 1917.

Case by Lucy Barkley against the village of Highland Park for personal injuries. From an order granting a motion to dismiss, plaintiff brings certiorari. Reversed.

*Monaghan, Monaghan, O'Brien & Crowley,* for appellant.

*Claude H. Stevens,* for appellee.

BIRD, J. Plaintiff claims to have been injured on a defective sidewalk in defendant village on the 19th day of September, 1914. Within 60 days thereafter, on November 17, 1914, she served on defendant a written notice of her injury, together with a detailed statement of the attending circumstances. On January 17, 1917, she filed her verified claim for damages with the council, and after considering the same payment was refused, on January 29, 1917, because her verified claim was not filed within 60 days from the happening of the accident. Suit immediately followed, but was later dismissed upon motion of defendant for the same reason assigned by the council. Whether the suit was properly dismissed is the one question to be considered on this record.

Section 26 of chapter 8 of defendant's charter provides in part as follows:

"This village shall not be liable in damages sustained by any person in the village, either to his person or property, by reason of any defective street, sidewalk, crosswalk or public highway, or by reason of any obstruction, ice, snow or other incumbrance upon such street, sidewalk, crosswalk or public highway, situated in the village unless such person shall serve or cause to be served within sixty days after such injury shall have occurred a notice in writing upon the clerk or deputy clerk of the village, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury as far as the same has become known and that the person receiving such injury intends to hold the village liable for such damages as may have been sustained by him."

See same provision in Act No. 3, Pub. Acts 1895, chap. 7, § 7.

Section 5 of chapter 8 of defendant's charter also provides that:

"The council shall audit and allow all accounts chargeable against the village; but no account or claim or contract shall be received for audit or allowance,

unless it shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed, or the property delivered for the village, that the sums charged therefor are reasonable and just, and that to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except such as are endorsed or referred to in such account or claim. Every such account shall exhibit in detail all the items making up the amount claimed and the true date of each. It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the village for personal injuries or otherwise that it has never been presented, certified to or verified as aforesaid, to the council for allowance; or, if such claim is founded on contract, that the same was presented without the certificate or affidavit aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

See same provision in Act No. 3, Pub. Acts 1895, chap. 5, § 7.

Counsel insist that plaintiff has literally complied with these provisions; that the notice required by section 26 of the charter was served within the required 60 days; that the notice was not verified, and it is contended that the charter does not require it to be verified; that before suit was commenced a claim, duly verified, was filed with the council in compliance with section 5 of chapter 8 of defendant's charter.

Defendant asserts that the real issue is whether or not a claim against the village under this charter must be served within 60 days; its contention being, as we understand it, that the two provisions of the charter must be considered together, and that, so construed, the claim as well as the notice of injury must be served within 60 days from the date of the injury. It is also insisted by the defendant that the case of *Griswold*

v. *City of Ludington,* 116 Mich. 401 (74 N. W. 663), is authority for this contention.

1. Plaintiff has attempted to satisfy the charter provisions by separating the requirements and giving notice at one time and filing her claim at another, and the question to be determined is: Is this permissible? There is no question raised that the notice does not furnish the information which section 26 demands. It is not verified, but there is no requirement in section 26 that it shall be verified. It was served within the 60 days, and it gives the village notice in the language of the section that she "intends to hold the village liable." If this section is to be construed independently of any other provision, we must hold that the notice served was a compliance in every respect with section 26.

But counsel for the village argues that the notice was not verified in accordance with section 5, and therefore of no force. Counsel for plaintiff replies that section 26 does not require verification. It is right here that the real contention lies. Counsel for the village assumes that the notice was both a notice and a claim. Plaintiff insists that it was simply and solely the notice required by the section and in no sense a claim. The charter provisions appear to leave it optional with one to include his claim in the notice, or give the notice within the 60 days and afterward file his claim. Of course, if he elects to include the claim in the notice, it must then be verified. If, however, he elects to give the notice, and afterward file his claim, the notice need not be verified, but the claim must be when filed. To follow defendant's construction would be to create by construction a limitation on the time in which a claim could be filed, which obviously was never intended by the legislature, as there is no hint in either section that any limitation is placed upon the time when a claim

could be filed. Section 5, with a slight variation, is an old section which has existed for many years in the special charters of certain cities of this State. See *Lay* v. *City of Adrian,* 75 Mich. 438 (42 N. W. 959). Section 26 is a new section which was suggested by the legislative committee appointed to revise the laws of cities and villages, and which revision was later adopted by the legislature of 1895. The sections were placed in different chapters by the legislature, and there is no reference in either to the other. For aught that appears in the statute or charter, they are independent provisions, and should be so construed. They rest upon different reasons. Section 26 was obviously passed for the purpose of compelling timely notice to be given to a municipality that suit against it for damages was contemplated and to compel the furnishing of data which would enable it to make an early investigation for itself, whereas section 5 was obviously passed to protect municipalities against excessive and fictitious claims and to give them opportunity to investigate before being sued.

2. The facts in *Griswold* v. *City of Ludington, supra,* differ from the facts we are here considering in this: In that case the plaintiff combined her notice with her claim and filed it with the council, but did not verify it. The concluding words of the claim were:

"On account of all of which injuries, bruises, wounds, and disabilities, costs, expenses, charges, loss of time and services, pains, sufferings, and permanent injuries, I claim damage from the said city of Ludington to the amount of $5,000."

This was not a compliance with the statute, because the claim was not verified. An attempt was afterwards made to supply the verification by filing an affidavit with the council, but the court held it came too late. In the case we are considering the claim

was not filed with the notice as will be seen by the concluding words:

"The undersigned desires to notify the village of Highland Park that she intends to hold the said village liable for the damages she has sustained, or may in the future sustain, by reason of the injuries above narrated received through the accident occurring on September 19, 1914, above mentioned."

One makes a claim for damages and names the sum; the other notifies the council that plaintiff intends to hold the village for her damages without making any specific claim or naming any sum.

It is said in *Griswold* v. *City of Ludington* that:

"Under section 1, chap. 22, the claim must be made within 60 days after such injury, and the verification must accompany the claim."

It is true the verification must accompany the claim, because the statute so provides, but it does not provide that the claim must be made within 60 days. There is nothing in either section which will sustain this construction. It should therefore give way to the construction herein expressed.

The judgment is reversed, and a new trial ordered, without costs to either party.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.