WRIGHT *v.* VILLAGE OF PORTLAND.

MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—VERIFICATION—WAIVER.

A claim for injury to land having been presented to a village council at the request of one of the trustees, a committee was appointed to investigate it, who caused a survey to be made for the purpose of ascertaining the amount of damages, and the council referred the matter to the president for settlement. At his request, the claimant appeared before him, and tried to make an adjustment, objection being made to the amount of the claim. No objection was raised that it was not verified and itemized, as provided by Act No. 3, Pub. Acts 1895, chap. 5, § 7, until the village filed its plea in a suit to enforce the claim. *Held*, that it was a question for the jury as to whether the council had waived the defense.

| 118 | 23 |
| f 118 | 424 |
| 118 | 23 |
| 127 | . 14 |
| 118 | 23 |
| s76NW | 141 |
| 131 | 9 |
| 131 | 211 |
| 118 | 23 |
| h136 | 21 |
| 118 | 23 |
| 147 | 312 |
| 118 | 23 |
| 154 | 70 |

Error to Ionia; Davis, J. Submitted June 14, 1898. Decided July 18, 1898.

Case by Guy Wright and Cornelius Franks, infants, against the village of Portland, for injury to land. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Reversed.

*McGarry & Nichols*, for appellants.

*R. A. & W. E. Hawley*, for appellee.

Moore, J. The plaintiffs sued defendant to recover damages for injury done to their lands by seepage from a pond owned by defendant, and for entering upon the land of plaintiffs, and removing therefrom about 900 yards of gravel. Defendant pleaded the general issue, and gave notice, by way of defense, that a verified and itemized claim had not been presented to the village council for audit and allowance, as required by section 7, chap. 5, Act No. 3, Pub. Acts 1895, under which act the village is incorporated. At the trial, objection was made to the introduction of any testimony, for the reason that the declaration did not show the claim had been presented as above stated. The objection was sustained. The plaintiffs then asked leave to amend the declaration so as to show that plaintiffs had presented their claim to the village council; that it was presented at the request of one of the trustees, and was acted upon by the council; that a committee was appointed to investigate the claim, who caused a survey to be made, for the purpose of ascertaining the amount of damages; that the council then referred the matter to the president of the council, to settle the claim, and that at his request the plaintiffs appeared before him, and tried to make an adjustment; that the only objection to the payment of the claim was to the amount, and not because it was not verified or certified to, as required by the statute; that suit was brought, and that it was not until the plea was filed that any notice was given that objection

was made to the claim as presented for the reason it was not properly itemized and verified. Counsel offered to introduce proof to sustain the allegations of the declaration when thus amended. The court refused to permit the amendment, not upon the ground of exercising his discretion, but put it upon the ground that the council had no authority to delegate the settlement to its president, and that the declaration as amended would not state a cause of action, and, if sustained by proofs, plaintiffs could not recover.

The only question necessary to be decided is: Did the offered proof raise a question of waiver, which ought to have been submitted to the jury? It is insisted on the part of the village that the village council cannot waive the provisions of the statute. It is said: "The right of waiver is subject to the control of public policy, which cannot be set aside or contravened by any arrangement or agreement of the parties, however expressed,"—citing 28 Am. & Eng. Enc. Law, 533. A reference to this authority shows what the writer had in mind when we read what follows: "Thus, an agreement waiving the defense of usury is void, and so also is the ratification of a forgery, or a waiver of a violation of Sunday laws," etc. We do not see how any question of public policy is involved here, so as to affect the question of waiver. Had this claim been allowed and paid, we do not think it could be said an illegal claim or one contrary to public policy had been adjusted, simply because the claim was not verified. This requirement of the statute is for the benefit of the village, and is a matter which may be used by it by way of defense. This court has construed a similar statute several times. In *Germaine* v. *City of Muskegon*, 105 Mich. 213, where the claim was not rejected for the reason it was not properly verified, it was said the defect was therefore waived. In *Canfield* v. *City of Jackson*, 112 Mich. 120, the defense was not set up until the case was tried. It was then raised in an application for a new trial. It was held that was too late. The case

of *Griswold* v. *City of Ludington*, 116 Mich. 401, is a case much like this. The claim was presented. The council did not do as much nor take as formal action in relation to it as counsel offered to prove was done in this case. The claim was not verified. The court said:

"A waiver is a mixed question of law and fact, and each case must necessarily depend much upon its own peculiar circumstances and surroundings. It is a question for the court to determine whether there is any evidence tending to show a waiver; but, when there is any evidence, the jury must determine what the intent of the party was, as the question of waiver is usually one of intent, as indicated by the acts and declarations of the party."

It was held the council might waive the verification of the claim, and the court should have submitted the question to the jury whether it had done so or not.

In this case, if counsel could show what he offered to show, the question should have been submitted to the jury to decide whether there was a waiver on the part of the council.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.