WARNER v. CITY OF WYANDOTTE.

1. MUNICIPAL CORPORATIONS—NOTICE OF CLAIM—WAIVER.

Where plaintiff presented to the city council, within sixty days after suffering injuries on a defective sidewalk, a written request for assistance, setting up the fact and manner of his injury; and the claim was referred to a committee, one of the members of which made an investigation and reported his conclusions to the common council, by which it was referred to the city attorney and he examined plaintiff under oath, the defendant city waived the objection that the notice of claim was defective.[1]

2. SAME.

In a personal injury case brought for injuries sustained in a fall on a sidewalk where a step of five and a half to seven and a half inches occurred between two portions of the walk, it was not error to exclude testimony that a witness for defendant had never had any difficulty in passing over the place in question and that the portion of the walk last built was constructed after the adjacent pavement was laid.

[1] On the question of notice of claim and cause of injury as condition of municipal liability for defect in highway, generally, see note in 20 L. R. A. (N. S.) 757. And as to the validity of requirement of written notice of defect to render municipal corporation liable for injuries caused by defective highway, see note in 11 L. R. A. (N. S.) 391.

Error to Wayne; Murphy, J. Submitted October 11, 1912. (Docket No. 55.) Decided May 29, 1913.

Case by Hiram J. Warner against the city of Wyandotte for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*C. H. Marr* and *George W. Coomer,* for appellant.

*Charles Bowles (W. F. McDonald,* of counsel), for appellee.

MCALVAY, J. Plaintiff was injured on Biddle avenue, in the city of Wyandotte, and brought suit for damages for such injury against the municipality, claiming negligence by reason of a defect in the construction of a cement sidewalk within its limits on Biddle avenue in front of certain premises owned by Mr. Flowers. On this street where the accident occurred, a cement sidewalk had been constructed several years previous by several adjoining owners, and the Flowers walk in question was built at an elevation above the old walk where it joined with it of from 5½ to 7½ inches, making an abrupt step of that height on the north line of his premises. On the evening of September 11, 1910, about 7 o'clock, plaintiff had gone in haste from his daughter's house in an automobile with the doctor to have a prescription filled for a grandchild at the drug store. He waited some minutes, and then started home with the medicine in a great hurry. He was passing rapidly over this walk, and coming to this rise struck his foot, fell forward, and was severely injured. It was very dark, and he had never before been along this walk after the Flowers walk was built.

In October he served the following paper upon the city clerk:

"WYANDOTTE, Oct. 18, 1910.
"To the Mayor and Council of the City of Wyandotte—
    *"Dear Sirs:*
"On Sunday, September 11th, as I was going from the drug store I was running on the south side of Biddle avenue, at the north end of Flowers' store, I caught my foot on the rise in the walk and fell and hurt me so I have not been able to work since, and I think the city should help me.

"Yours truly,<br>"HIRAM WARNER,<br>"48 Grove Street."

This communication was received by the common council October 26, 1910, and, as appears from their proceedings of that date, was entered at length on the record. The record then shows as follows:

"The foregoing communication was read and referred to the committee on streets."

At the same meeting, in open council, a member of that committee was directed by the mayor to investigate this claim. Within two days this alderman called upon plaintiff, telling him he had been sent by the city to see him relative to his communication. He then made an investigation of the circumstances attending his injury and learned from him the amount of damages for which he would settle with the city. He also inspected the sidewalk at the place where the injury occurred. At the meeting of the common council next succeeding, he reported orally the result of his investigations. At a meeting of the common council held November 9, 1910, the following appears in the proceedings:

"The mayor, with the permission of the common council, referred to the city attorney the claim for damages made by Hiram Warner, who was hurt on the sidewalk on Biddle avenue."

At a session of the common council, held March 15, 1911, the following appears:

"Communication from the mayor. The mayor recommends that he take up the matter of the suit started by Hiram Warner against the city, and see if the same cannot be adjusted."

After the mayor had this claim referred to the city attorney, plaintiff called upon such city attorney on December 12, 1910, and upon examination by him under oath, which was reduced to writing in narrative form, made a statement of the facts and circumstances of his injury. There is a dispute between these parties as to the substance of this statement; plaintiff claiming that it contains things he did not say and which were not read over to him. Nothing further appears to have been done prior to commencement of suit. The trial resulted in a verdict and judgment for plaintiff. Upon a writ of error a reversal is asked by defendant, and the material errors assigned will be considered.

The principal question in the case arises upon the holding by the court that, as a matter of law, under the undisputed facts, the defendant had waived the formal statutory notice of the injury to plaintiff. Upon this action several assignments of error are based.

As already appears, this record shows the following undisputed facts: The plaintiff's claim was filed seasonably with the proper officer and subsequently presented to the council. The council proceedings show that it was received and spread upon the records October 26, 1910; also that it was read and referred to the committee on streets. It appears without dispute that one of this committee was directed by the mayor to investigate; that he made the investigation and reported to the common council. The proceedings of the common council of a meeting held on November 9, 1910, show that—

"The mayor, with the permission of the common council, referred to the city attorney the claim for

damages made by Hiram Warner, who was hurt on the sidewalk on Biddle avenue."

It appears that, after the claim was referred to the city attorney, the plaintiff went to his office on December 12, 1910, where the city attorney drew his statement, which we have referred to. On March 15th the council proceedings show a communication from the mayor recommending "that he take up the matter of the suit started by Hiram Warner against the city and see if the same cannot be adjusted." All of these facts, except taking plaintiff's statement by the city attorney, transpired within the statutory period of 60 days allowed plaintiff for presenting his claim, and no suggestion or claim appears to have been made to him that the notice of his claim was deficient or that any further statement of the claim was required. From these facts the court was warranted in holding as a matter of law that defendant had, by its conduct, waived any further notice. That a common council may waive the formality of a notice has been repeatedly held by this court. *Lindley* v. *City of Detroit*, 131 Mich. 8 (90 N. W. 665), citing *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78) ; *Canfield* v. *City of Jackson*, 112 Mich. 120 (70 N. W. 444) ; *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663) ; *Wright* v. *Village of Portland*, 118 Mich. 23 (76 N. W. 141).

In the principal case cited the court said, speaking of the waiver of a formal notice by a common council:

"Whether it has done so or not is usually a question of fact to be submitted to a jury; but the facts are undisputed in this case, and we think it was proper for the circuit judge to instruct the jury that by referring the claim to its committee to investigate upon its merits, and through the action of its committee in doing so, it waived a right of further notice."

The instant case is within the case cited, and the same rule applies.

This also disposes of all the assignments of error upon the admission or exclusion of testimony except two, which occurred during the examination of defendant's witness Burnowski, who was not allowed to answer the question, "Did you ever have any difficulty in passing over this stretch of walk?" and also in not allowing his testimony to stand, to the effect that the Flowers walk was built after the pavement was laid. The court correctly held in both instances that the testimony was incompetent and immaterial.

The requests of defendant refused by the court were based upon the statutory provision relative to notice of injury to persons by reason of defective sidewalks or highways in fourth-class cities. These propositions are all disposed of in holding the court correct in its ruling upon the waiver of notice.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.