No. 8876.

INTERSTATE TRUST COMPANY *v.* STEELE, ET AL.

1. IRRIGATION DISTRICT—*Warrants Issued for a Lawful Claim not Verified.* Warrants of an irrigation district were issued for expenses incurred in the organization of the district, and confirmation proceedings, *Held* not invalidated by the circumstance that these claims were not verified.

In view of the broad provisions of sec. 3450 of the Revised Statutes, sec. 3463 is not to be held mandatory.

2. —— *Promise of Third Party to Redeem.* Nor are such warrants invalidated by the circumstance that they are issued because

of, and upon the faith of the promise of a third person to redeem them.

3. —— *Directors—Disabilities.* The directors may not employ one of their number as secretary, or superintendent, of the district. Warrants issued to a director for his salary in such position are void.

4. —— *Bonds—Recitals of,* are not to be disputed.

5. —— *Bona Fide Holder.* Warrants of an irrigation district issued in payment of an obligation for which the district was liable are valid in the hands of one who receives them in the usual course of business, without notice of any defect in the title.

*Error to Adams District Court, Hon. Robert G. Strong, Judge.*

Department.

Mr. J. FOSTER SYMES, Mr. FRED FARRAR, Mr. IVOR O. WENGREN, for plaintiff in error.

Mr. GEORGE J. HUMBERT, Mr. H. H. WHITTIER, Mr. H. L. SHATTUCK, Messrs. MELVILLE & MELVILLE, for defendants in error.

Opinion by Mr. Justice Teller.

Defendant in error Steele, suing as a tax-payer in behalf of himself and all others similarly situated, brought an action, against all the other persons and corporations appearing here as defendants in error, the plaintiff in error and Fred G. Lucas, to secure the cancellation of certain warrants and bonds issued by defendant in error, The East Denver Municipal Irrigation District; to have the organization of said district declared void and of no effect, and to restrain the levying of taxes for the payment of interest upon said bonds and warrants.

The trial court found that the Irrigation District was a valid organization; that in August, 1910, the district entered into a contract in writing with The Antero Land and Irrigation Company, for the purpose of acquiring a completed irrigation system; that the electors of said district duly ratified said contract, and the issue thereunder of

bonds in the amount of $3,000,000.00; that all of said proceedings for the organization of the district and the issue of the bonds were confirmed in a proceeding in the District Court of Adams County; that said bonds were executed and delivered to the plaintiff in error, as trustee, under date of January 3rd, 1912; that on August 30, 1912, another contract was entered into between the said parties, which was duly ratified by the electors of said district; that both of said contracts were duly assigned by said Land and Irrigation Company to defendant Fred L. Lucas, and that thereafter the said district entered into a contract with him, which contract was never authorized nor ratified by the electors of said district.

Said Lucas was dismissed from the case by order of the District Court.

The court further found that the plaintiff in error, on the 4th day of February, 1914, as trustee, delivered to the board of directors of said district bonds of the par value of $325,000.00; that said district delivered bonds to the par value of $10,000.00 to the plaintiff in error, a like amount to defendant in error Lena R. Russell, and bonds to the par value of $20,000.00 to defendant in error Horace G. Clark; and that bonds in a large amount were delivered to said Lucas, none of which are concerned in this case. The court also found that the $10,000.00 in bonds delivered to the plaintiff in error, and bonds delivered to Lena R. Russell and to Horace G. Clark are valid obligations of said district, and that warrants Nos. 18, 29 and 205 were received by the plaintiff in error in the usual course of business for value, without notice of any defect in title, but void because procured to be issued to the said Land and Irrigation Company, the assignor of plaintiff in error, upon its promise to the directors of said district to redeem and pay the same. A number of other warrants, now held and owned by plaintiff in error, were adjudged void, because issued, as the court found, without authority.

Plaintiff in error has assigned error upon so much of the judgment of the court as holds said warrants void; and defendant in error Steele has assigned cross-errors upon so much of said judgment as holds the bonds valid. Counsel for the Irrigation District join in the brief in support of the cross-errors.

Plaintiff in error contends, first, that the court erred in holding warrants Nos. 18, 29 and 205 void, since, it is urged, the plaintiff did not sustain the burden of overcoming the *prima facie* case made by the warrants, which were admitted to have been purchased by the plaintiff in error for a valuable consideration, and to have been issued for services rendered to the district, and for expenses incurred in organizing it.

The court held the three warrants void because their issue was procured by a promise by the Antero Land and Irrigation Company to redeem them. The court pointed out that it was discretionary with the board whether or not to allow the claims and issue the warrants, and "that the moving of such discretion in favor of such audit, allowance and issue by such inducement was and is against public policy."

It is stipulated that these warrants, and some others, "were issued to the Antero Land and Irrigation Company for expense incurred by it in organizing said district and in the confirmation proceedings in connection therewith, including necessary engineering and surveying and attorney fees and court costs."

The warrants, then, must be regarded as issued in settlement of valid claims against the district, no one asserting that the expenses mentioned were not payable by the district, or that the amounts allowed were excessive.

This presents the question whether or not the allowance of a valid claim, and the issue of a warrant therefor, though induced by a cause other than a recognition of the debt, render the warrant void.

The finding of the court that to permit a public officer to allow claims on the ground that someone has promised to pay them is against public policy, may be admitted to be correct; but does public policy require that the innocent holder of a warrant thus issued, for a valid debt, be punished by having such warrant held void?

Bearing in mind the fact that no fraud or collusion is charged, and that the right to make the alleged agreement is not questioned, we are to determine whether or not the doing of a proper act from a wrong motive will render it invalid. To state the proposition is to answer it.

Conceding, then, that the evidence justifies the finding that the two directors who testified that they allowed the claims because of the promise, (the third director testified that he had no knowledge of such promise, and that the claims were considered by the board,) it does not follow, under the circumstances of this case, that the allowance was wrong, or that the warrants are void. The facts as stipulated show that the warrants were issued in payment of obligations for which the district was liable, and they are, we think, valid in the hands of plaintiff in error.

It is urged that the warrants are void for the further reason that the claims on which they were issued were not verified.

The statute on which counsel rely to maintain that position provides that:

"No claims shall be paid by the district treasurer until the same shall have been allowed by the board, and only upon warrants signed by the president, and countersigned by the secretary, which warrants shall state the date authorized by the board and for what purpose. * * *

All claims against the district shall be verified the same as required in the case of claims filed against counties in this state, and the secretary of the district is hereby authorized and empowered to administer oaths to the parties verifying said claims, the same as the county clerk or notary public might do. * * * "Sec. 3463, R. S. 1908.

Section 3450, R. S. 1908, gives to the district board full power to conduct the business of the district, to make all necessary contracts, employ agents and attorneys, and to perform all acts necessary to carry out the purpose of the irrigation statute.

In view of the general powers thus given to the board, we think the requirement that claims be verified should not be held mandatory, unless the intent that it be so clearly appears. The first cited section does not include verification among the things *required* to be done before payment may be made. The verification requirement follows in another paragraph, in connection with other provisions relevant to the subject matter of the section. The omission to verify does not deprive the board of the power given it by Sec. 3450, *supra*. The failure to verify the claims is not jurisdictional. *State ex rel v. Cass County,* 60 Neb. 566, 83 N. W. 733; *Saline County v. Kinkead,* 84 Ark. 329, 105 S. W. 581; and *Wright v. Village of Portland,* 118 Mich, 23, 76 N. W. 141.

Warrants Nos. 4, 10, 16, 20, 34, 40 and 45 were issued to one of the directors of the district for his services as secretary of the district; and warrants Nos. 13, 23, 31, 39, 46, 58, 64, 70, 80, 99 and 112 were issued to another director for his services as superintendent of the district, and all of them were duly assigned to the plaintiff in error.

Said warrants, with some others, were held invalid, on the ground that the persons to whom they were issued had no right to receive compensation from the district for the services rendered.

We agree with the trial court that the board had no right to employ any of its members in the capacities above mentioned, and that the warrants issued in payment of salaries of said positions are void. Such a course is contrary to sound public policy, and has often been condemned. *Bay v. Davidson,* 133 Ia. 688, 111 N. W. 25, 9 L. R. A. (N. S.) 1014, 119 Am. St. 1650, and cases cited; Dillon on Municipal Corp., 3rd Ed., Sec. 444.

We are of the opinion that the court did not err in holding valid the bonds issued to the plaintiff in error and to defendants in error Russell and Clark, respectively.

It is objected that these bonds were delivered by the board of directors, without the passage of any resolution therefor, and without having advertised them for sale.

The bond issue approved by the electors, and authorized by the proceedings in the District Court, was for the purpose of providing an irrigation system, including rights of way, reservoir sites, ditches and water rights; and it is not disputed that the three lots of bonds now under consideration were issued for one or another of those purposes.

The bonds contain the usual recital that all acts required to be done and all conditions required precedent to this issue had been done, etc., which fact prevents a consideration of the objection mentioned, which is based upon an allegation that some of the conditions precedent had not been performed. The power to issue the bonds is conceded. The municipality cannot dispute the recitals: *Hayden v. Aurora*, 57 Colo. 389; and one suing as a tax-payer has no greater right.

The bonds were received by the respective holders for value, and so far as appears, without any knowledge of irregularity in their issue.

The attack upon them, therefore, fails.

A stipulation has been filed in this court which is apparently intended to permit or induce us to pass upon other questions presented by the record, but as their determination would decide questions affecting bond holders who are not parties to this suit, we decline to consider any matters other than those above discussed and determined.

So much of the judgment as adjudges the $10,000.00 in bonds delivered to defendant in error Russell, a like amount to The Interstate Trust Company and $20,000.00 in said bonds to the defendant in error Clark is affirmed; as is also so much of it as holds void the warrants Nos. 4, 10, 16, 20, 34, 40, 45, 13, 23, 31, 39, 46, 58, 64, 70, 80, 99 and 112;

and so much of said judgment as makes invalid and orders the surrender and cancellation of warrants Nos. 18, 29 and 205 is reversed. The cause is remanded for further proceedings in harmony herewith.

Chief Justice Hill and Mr. Justice White concur.